with the demand the instrument would operate as a bill of sale.

The conviction was right and the judgment must be affirmed.

Rumsey, Williams, Ingraham and Parker, JJ., concurred.

Judgment affirmed.

Fourth Appellate Department, June, 1897. Reported. 19 App. Div. 627.

In the Matter of the Application of Alexander D. Jenny, as Receiver, etc., for a Writ of Mandamus.

Order affirmed, with costs. All concurred.

Supreme Court, Chautauqua Special Term, July, 1897. Unreported.

In the matter of the petition of Erastus C. Hyde to revoke a liquor tax certificate of Cortez D. McAllister.

Woodward, J.: The petitioner in this proceeding, Erastus C. Hyde, asks to have this court cancel liquor tax certificate No. 22984, held by the defendant Cortez D. McAllister, upon the grounds that two of the statements contained in the application for such certificate, and which are required by the statute to be stated, are false. The application for revocation is made under the provisions of section 28 of chapter 112 of the Laws of 1896, which went into effect on the 23rd day of March of that year, and is based upon subdivision 8 of section 17. This statute was enacted for the primary purpose of raising a revenue; it is known by its short title, as the "Liquor Tax Law," and it is the duty of the courts, in giving it effect, to so construe it as to promote this object, consistently with its limitations. This view of the question is justified, not alone by the rule that all laws are to be construed to promote the objects for which they were enacted, but by the language of the law itself, which makes it discretionary with the court to decide whether the "material statements in the application of the holder of such certificate were false," and denying the right of appeal. The question thus presented to this court is, therefore, whether the statements of this defendant,

made in his application for a certificate under the provisions of the Liquor Tax Law, and which are alleged to be false, are "material." If they are not, then this application must be denied.

Subdivision 8 of section 17 says that "when the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by at least two-thirds of the owners of such buildings within two hundred feet so occupied as dwellings, and acknowledged as are deeds entitled to be recorded, except that such consent shall not be required in cases where such traffic in liquor is actually lawfully carried on in said premises so described in said statement when this act takes effect." The statement of the defendant was made on the 10th day of April, 1897, and in answer to the question, "Was such traffic in liquors actually lawfully carried on in the said premises at the time of the passage of this act? " he said " yes," when, as a matter of fact, there was no building upon the property at that time. In answer to the next question, "Is the nearest entrance to the described premises within two hundred feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, and, if so, how many owners are there of such building or buildings? " The defendant answered, " No," although there was a building within two hundred feet occupied by a family at the time. These two answers constitute the two alleged false statements in respect to this liquor tax certificate, and the court is charged with the duty of determining whether these statements are false, and if so, if they are "material."

If there was no "building or buildings occupied exclusively for a dwelling " within two hundred feet of the premises occupied by this plaintiff and described in the statement, then the answer to the first question is entirely immaterial, for there could be no occasion for an exception, and the question of whether the premises were used in the lawful sale of liquor at the time of the act going into effect could have no possible bearing. This was an exception in favor of the person seeking the license, and in aid of the policy of the law, to collect the largest possible revenue, and was material only when there was a "building or

buildings occupied exclusively for a dwelling" within a distance of two hundred feet. The defendant explains this misstatement by saying that the blanks were filled out by a lawyer; and that he misunderstood his reading of the question and had in mind that the question asked was whether the premises had been used last year for the sale of liquors.

It is conceded on the part of the defendant if there were in fact buildings within two hundred feet, used "exclusively for a dwell-ing," that this would constitute a "material" falsehood, and would be sufficient to justify the court in annulling the certifi-cate, but it is contended, and the contention is sustained by a preponderance of evidence, that the building in question was at that time used as a public resort; that up to the first of March, 1897, it was used in the illegal selling of liquors, in connection with cigars and refreshments, and that at that time the woman who conducted the establishment ran away, leaving it in charge of her nephew and her children, and that its general character was in no wise changed except that no liquors were sold upon the premises, though the public were free to come and go, and it was the custom when visitors desired drink, to go out and get it for them at a place across the street. In short the place was a rendezvous of men and women of questionable reputations, who were in no wise disturbed by the presence of the hotel of the defendant, and, as the obvious intent of this provision was to protect bona fide homes from the encroachments of hotels and liquor-selling establishments, and the dwelling under considera-tion having been used for immoral purposes, and a public resort, the statement of the defendant in so far as it related to the presence of "a building or buildings occupied exclusively as a dwelling" within two hundred feet, was not false, and his prior statement that the sale of liquors was actually carried on in the premises at the time the Liquor Tax Law went into effect, is, therefore, immaterial. In other words, the defendant would have established his right to a certificate if he had answered this question in the negative, and his formal statement made under a misapprehension, cannot operate to deprive him of his property, or to defeat the object of the law in producing a revenue to the State.

The prayer of the petitioner is denied, with costs.